FILED
11/01/2019
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 1, 2019

**IN RE  ESTATE OF J D BUSH**

**Appeal from the Chancery Court for Knox County
No. 67241-1  John F. Weaver, Chancellor**

————————————————————

**No. E2018-02192-COA-R3-CV**

————————————————————

Due to the deficiencies in Appellant's brief, we conclude that he waived consideration of all issues on appeal and hereby dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II and W. NEAL MCBRAYER, JJ., joined.

Thomas K. Bush, Atlanta, Georgia, appellant, pro se.

Robert William Godwin, John R. Bush, and Nancy Bush, Knoxville, Tennessee, appellees, pro se.

**OPINION**

Appellant Thomas K. Bush appeals the trial court's order closing his father, J. D. Bush's ("Decedent"), estate.  Decedent's estate was opened on March 12, 2008.  Since that time, Appellant has maintained that his brother, John R. Bush and his wife, Nancy, along with Robert W. Godwin (together with John R. Bush and Nancy Bush, "Appellees"), who prepared Decedent's will and represented the estate, have acted individually and in concert to deny Appellant his share of Decedent's alleged financial interest in Bush Brothers & Company.  Throughout these proceedings, Appellees have maintained that Decedent had no Bush Brothers & Company holdings.  Finding, *inter alia*, no evidence that Decedent had any financial interest in Bush Brothers & Company, the special master made a recommendation to close Decedent's estate.  By order of November 6, 2018, the trial court adopted the special master's recommendation and

closed the estate. Appellant appeals. Due to deficiencies in Appellant's brief, we are unable to review the actions of the trial court.

We first note that Appellant is representing himself in this appeal. It is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." *Brown v. Christian Bros. Univ.*, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at \*3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003); *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

Tennessee Rule of Appellate Procedure 27(a) mandates that "[t]he brief of the appellant shall contain under appropriate headings and in the order here indicated:"

(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
(4) A statement of the issues presented for review;
(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
(7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);
(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a). Furthermore, Tennessee Court of Appeals Rule 6 provides:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

There are myriad errors in Appellant's brief.  In violation of Tennessee Rule of Appellate Procedure 27(a)(2), *supra*, Appellant's table of authorities provides:

TABLE OF AUTHORITIES

1. UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TENNESSEE. CASE NO: 3:15-CV-524 TAV-CCS ORDER DATED JANUARY 26, 2018 SIGNED BY THOMAS A VARLAN CHIEF UNITED STATES DISTRICT JUDGE MEMORANDUM OPINION, AND ORDER

2. UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT CASE NO: 18-5215

3. KNOX COUNTY PROBATE COURT, MASTERS REPORT DATED DECEMBER 14, 2016

4. BUSH V UNITED STATES DISTRICT COURT, ETAL U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

Appellant lists a federal district court case, a 6th Circuit case, the master's report filed on December 14, 2016 in this case, and an 11th Circuit case. Appellant does not list the style of the case for either the district court case or the 6th Circuit case; although he lists the federal case numbers, he provides no citation. For the 11th Circuit case, he provides no case number or citation. In addition, Appellant has failed to provide "references to the pages in the brief where [these cases] are cited." As such, not only are we unable to pinpoint the exact cases on which Appellant relies as authority, but we are also unable to decipher those portions of his argument that rest on the holdings in these cases.

Also fatal to our review is Appellant's statement of the issues, to-wit:

STATEMENT OF ISSUES

1. THE APPELLANT WOULD CITE UNITED STATES DISTRICT COURT CASE NO: 3:15-CV-524 TAV-CCS BUSH V KNOX COUNTY PROBATE COURT, ET AL MEMORANDUM, OPINION, ORDER DATED 1/26/18 AND IN PARTICULAR, (A) FACTUAL HISTORY PAGES 2 THRU 6, (B) PROCEDURAL HISTORY PAGES 6 THRU 8. THE APPELLANT WOULD ALSO CITE U.S. COURT OF APPEALS FOR THE SIXTH CIRCUIT, CASE NO: 18-5215. THE APPELLANT WOULD RAISE THE SAME ISSUES WITH THE TENNESSEE COURT OF APPEALS

Appellant merely references the federal cases (without proper citation) and states that he is "raising the same issues with" this Court. This is not a proper statement or framing of appellate issues. In the absence of a clear statement of the issues and proper citation to the federal cases, we are left to wonder exactly what questions Appellant urges on this Court.

Additionally, we find no guidance in the argument section of Appellant's brief, which provides:

# ARGUMENT

1. THE APPELLANTS ARGUMENT IS THE SAME AS IT WAS IN THE PROBATE COURT, U.S. DISTRICT COURT, ETC. THE APPELLANT CANNOT AFFORD LEGAL COUNSEL UNDER TENNESSEE CODE 40-38-102 RIGHTS OF CRIME VICTIMS, (C) ALL VICTIMS OF CRIME SHALL HAVE THE RIGHT TO COLLECT COURT-ORDERED RESTITUTION IN THE SAME MANNER AS A CIVIL JUDGEMENT AS AUTHORIZED PURSUANT TO 37-1-131(B) OR 40-35-304 (A)

THE APPELLANT IS A VICTIM OF CRIMINAL OFFENSES, REGARDLESS IF I AM INVOLVED IN A CIVIL ACTION IN COURT. THE APPELLANT WOULD RAISE THE ISSUE OF THE CLERK, MASTERS REPORT DATED DECEMBER 14, 2016 A PORTION OF WHICH IS FRAUDULENT, AND INTENDED NOT ONLY TO DEFRAUD THE APPELLANT, BUT THE TENNESSEE COURT OF APPEALS AS WELL.

Appellant's notice of appeal states that he is appealing only the trial court's November 6, 2018 order. As discussed above, this order merely adopts the recommendation of the special master to close Decedent's estate. The trial court's order further notes that it has no jurisdiction to "require or review any criminal investigation," and "no jurisdiction to review federal proceedings." The same is true of this Court. Accordingly, to the extent Appellant's argument calls on this Court to open a criminal investigation against Appellees or to overturn or review the decisions of the federal courts, we have no authority to do so.

Likewise, Appellant's statement of the facts and statement of the case are not helpful to this Court in discerning the issues. The statement of the case reads:

## STATEMENT OF CASE

1. THE APPELLANT WOULD SUBMIT

UNITED STATES DISTRICT COURT NO: 3:15-CV-524

TAV-CCS, MEMORANDUM, OPINION, AND

ORDER DATED JANUARY 26, 2018. AND THE

RECORD FORWARDED BY THE KNOX COUNTY

PROBATE COURT. THE APPELLANT WOULD

REQUEST THE APPEALS COURT REVIEW, VIA

THE INTERNET, THE ABOVE CASE, AND ALL

DOCUMENTS I HAVE SUBMITTED TO THE

COURT, AND ALL RECORDS SUBMITTED BY

THE PROBATE COURT.

The statement of facts reads:

STATEMENT OF FACTS

1. THE APPELLANT WOULD CITE

BUSH V KNOX COUNTY PROBATE COURT

U.S. DISTRICT COURT NO: 3:15-CV-524 TAV-CCS,

AND ALL RECORDS THAT HAVE BEEN

FORWARDED TO THE COURT. THE

APPELLANT, PRO SE, CANNOT AFFORD

LEGAL COUNSEL. CLEARLY, THE DEFENDANTS

IN THIS CASE, AND OTHER PARTIES, VIOLATED

CRIMINAL LAWS OF THE STATE OF TENNESSEE

AND THE UNITED STATES, AND HAVE

DEFRAUDED BOTH THE APPELLANT, U.S.

DISTRICT COURT, AND THIS COURT.

Again, Appellant references the federal cases and invites this Court to "review [the federal cases], via the internet, and all documents . . . submitted" in these cases. Respectfully, it is not the purview of this Court to prepare the appellate record or to search the internet for cases that are not properly referenced and cited in the appellate brief. Although, in his statement of the facts, Appellant concludes that the Appellees "violated criminal laws of the State of Tennessee and the United States," and "defrauded"

- 9 -

Appellant in "the U.S. District Court, and [in] this Court," he provides no specific evidence from this record to support his contentions.

Based on these shortcomings in his appellate brief, this Court is left to wonder exactly what Appellant is appealing.  We have previously stated that:

> "'Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue.'"  *Forbess v. Forbess*, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) (quoting *Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000)); *see also* *Tellico Village Property Owners Ass'n, Inc. v. Health Solutions, LLC*, No. E2012-00101-COA-R3-CV, 2013 WL 362815, at *3 (Tenn. Ct. App. Jan. 30, 2013) (no perm. app. filed ) (quoting *Branum v. Akins*, 978 S.W.2d 554, 557 n.2 (Tenn. Ct. App. 2001)) ("'Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed to be waived and will not be considered on appeal.'")  In addition, "Appellants . . . must include in their . . . brief a statement of the issues they desire to present to the court and an argument with respect to each of the issues presented."  *Craig v. Hodge*, 382 S.W.3d 325, 334-335 (Tenn. 2012).  "[A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)."  *Id.* (citing *ABN AMRO Mortg. Grp., Inc. v. S. Sec. Fed. Credit Union*, 372 S.W.3d 121, 132 (Tenn. Ct. App. 2011); *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002)).  "The requirement of a statement of the issues raised on appeal is no mere technicality."  *Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011).  The appellee is entitled to fair notice of the appellate issues so as to prepare his or her response, and more importantly, "this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed."  *Id.*  "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived."  *Sneed v. Bd. of Prof'l Responsibility of Sup.Ct.*, 301 S.W.3d 603, 615 (Tenn.2010).

***

> "[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court."  *Bean*, 40 S.W.3d at 54-55 (citing

*Crowe v. Birmingham & N.W. Ry. Co.*, 156 Tenn. 349, 1 S.W.2d 781 (1928)). "[A]ppellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." *Waters v. Farr*, 291 S.W.3d 873, 919 (Tenn. 2009). "We have previously held that a litigant's appeal should be dismissed where his brief does not comply with the applicable rules, or where there is a complete failure to cite to the record." *Commercial Bank, Inc. v. Summers*, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011).

*Clayton v. Herron*, No. M2014-01497-COA-R3-CV, 2015 WL 757240, at *2-3 (Tenn. Ct. App. Feb. 20, 2015).

For the reasons stated above, Appellant's brief wholly fails to comply with Tennessee Rule of Appellate Procedure 27's mandates regarding the content of briefs. He did not include any reference to the appellate record; he did not properly cite applicable law. More egregious, however, is the fact that Appellant did not raise any issues to suggest that the trial court erred in its ruling.

For these reasons, the appeal is dismissed, and the case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to Appellant, Thomas K. Bush. Because Mr. Bush is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE

- 11 -